IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICCO SEARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Nos. 08-229, 08-297 |
| ) | Civil No. 10-1215 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 29)[1] filed by petitioner Ricco Sears ("Sears" or "petitioner"). After reviewing the motion, the plea agreement (Resp't's Resp. (ECF No. 38), Ex. 1 ("Plea Agreement")), the transcript of the hearing on petitioner's plea (id., Ex. 2), and the submissions of the parties, the court will deny petitioner's motion because the record clearly shows that petitioner voluntarily waived his right to collaterally attack his sentence.

*Background*

On June 11, 2008, a federal grand jury returned a one-count indictment against Sears which was filed with this court at criminal no. 08-229 (ECF No. 1), charging petitioner with possession with intent to distribute less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On August 11, 2008, the government filed a one-count information against petitioner at criminal number 08-297 (ECF No. 1), charging him with willfully receiving

---

[1] Unless otherwise indicated, ECF numbers refer to docket number 08-297.

firearms that had been shipped and transported in interstate and foreign commerce while being under indictment for a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(n) ("§ 922(n)").

**I. The Plea Agreement**

On August 15, 2008, Sears entered into the Plea Agreement with the government. (Plea Agreement at 6.) Pursuant to the Plea Agreement, Sears agreed to plead guilty to count one of the indictment and to waive prosecution by indictment and enter a plea of guilty to count one of the information. (Id. at 1-2.) In the Plea Agreement, Sears agreed to waive the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to three exceptions, and to waive "the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (Id. at 3.)

In consideration of, *inter alia*, petitioner waiving his right to take a direct appeal or collaterally attack his conviction or sentence, the government stipulated to a favorable drug quantity for purposes of the United States Sentencing Guidelines and agreed to a three-level reduction in petitioner's guideline offense level for acceptance of responsibility and timely notifying the government of his intention to enter a plea of guilty. (Id. at 3-5.)

**II. Change of plea, waiver of indictment and entry of guilty plea hearing**

On August 15, 2008, during a change of plea and waiver of indictment hearing in open court, Sears informed this court that he wished to waive his right to an indictment by a grand jury and plead guilty to count one of the information at criminal no. 08-297, and also change the plea he previously entered at count one of the indictment at criminal number 08-229. (Resp't's Resp., Ex. 2 ("Hr'g Tr.") at 2.) The court informed Sears that before the court accepted his guilty plea

on those counts, the court would ask him a number of questions to assure the court that his guilty pleas were valid. (Id. at 2-3.) The court requested petitioner to tell the court if he did not understand any of the questions or at any time wished to consult with his attorney, since it was essential to a valid plea that petitioner understand each question before he answered. (Id. at 3.)

Petitioner informed the court that he was twenty-two years old and that he completed the eleventh grade but did not graduate high school. (Id. at 4.) Petitioner affirmed that he could speak and understand the English language. (Id.) Petitioner acknowledged that he received a copy of the charges in the information and the indictment and that he discussed those charges with his attorney to which he intended to plead guilty. (Id. at 6, 19.) Petitioner affirmed that he understood the charges against him as contained in the information and indictment. (Id. at 6-8, 19.)

The court requested that the government's counsel place the elements of the offenses to which petitioner was pleading guilty on the record. (Id. at 7, 31-32.) With respect to the offense charged in the information, the government's counsel detailed the following:

> In order for the crime of receipt of a firearm by a person under indictment, in violation of Title 18 United States Code, Section 922(n) to be established, the government must prove all of the following beyond a reasonable doubt:
>
> First. That the defendant was under indictment for a crime punishable by imprisonment for a term exceeding one year.
>
> And the term "indictment" includes federal and state court charges.
>
> That second. That the defendant thereafter knowingly received a firearm or ammunition that had been shipped or transported in interstate or foreign commerce, or had knowingly shipped or transported a firearm or ammunition in interstate or foreign commerce.
>
> And, finally, that the defendant acted willfully.

3

(Id. at 7.)  Petitioner acknowledged that he heard the elements of the offense, understood those elements, and understood the charge.  (Id. at 7-8.)

In summarizing the evidence with respect to the charge in count one of the information, the government's counsel stated that the government had competent evidence to prove that, pursuant to a search warrant executed at petitioner's home on April 7, 2008, the following items were recovered: (1) a Taurus 9 millimeter semi-automatic handgun Model PT111; (2) an AK-47 rifle, 7.62 39 millimeter caliber; and (3) two 30 round AK-47 magazines.  (Id. at 34-36.)  The weapons were not manufactured in Pennsylvania and petitioner received the weapons after January 2008.  (Id. at 36.)  On June 27, 2007, petitioner was charged with two DUI counts in the Allegheny County Court of Common Pleas.  Petitioner was specifically charged with the crime of driving under the influence, highest rate of alcohol (i.e., blood alcohol content .16 or more) which is a misdemeanor one or a crime punishable by a term of imprisonment exceeding one year.  (Id. at 37.)  Petitioner affirmed that he heard the government's summary of the evidence and agreed with the prosecution's summary about what he did.  (Id.)

Petitioner acknowledged that no one forced him in any way, or promised him anything, other than the promises made in the Plea Agreement, that persuaded him to accept the Plea Agreement or induced him to enter a plea to either of the charges.  (Id. at 16, 30.)  After moving to admit the Plea Agreement into evidence, the government's counsel summarized the terms of the Plea Agreement relevant to the instant motion as follows: "He also waived his right, Your Honor, to file a motion to vacate sentence under Title 28, United States Code, Section 2255, commonly referred to as habeas relief which attacks his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." (Id. at 11.)

4

After the government's counsel summarized the waiver language, petitioner acknowledged he understood he was waiving his right to collaterally attack his conviction or sentence:

> THE COURT: And you also can't come back later -- you have completely given up your right to collaterally attack the sentence. Do you understand that?
>
> PETITIONER: Yes, ma'am.
>
> THE COURT: You can't come back later and try to reopen -- make new arguments of some kind. Do you understand that --
>
> PETITIONER: Yes.
>
> THE COURT: -- completely? So, you understand that?
>
> PETITIONER: Yes, ma'am.
>
> THE COURT: You talked with your counsel about that?
>
> PETITIONER: Yes.

(Id. at 13.) The court asked petitioner:

> Mr. Sears, do you understand that by entering into the plea agreement and entering a plea of guilty, you will have waived or have given up your right to appeal or collaterally attack all or part of the sentence that could be imposed on either of the two counts that are at issue in this hearing today?
>
> PETITIONER: Yes.

(Id. at 16.) Finally, the court confirmed that petitioner understood and agreed he could only appeal, because of the Plea Agreement, in very limited circumstances. (Id. at 26.)

Petitioner's counsel agreed that the government's counsel correctly stated the terms of the Plea Agreement. (Id. at 15.) Petitioner affirmed he heard the terms of the Plea Agreement that were reviewed, had an opportunity to review each of the provisions of the Plea Agreement with his attorney, understood the terms of the Plea Agreement, and the government's counsel

5

correctly stated the terms of the Plea Agreement as he understood them. (Id.) Immediately above petitioner's signature on the Plea Agreement was the following acknowledgment:

> I have received this letter from my attorney, Lee M. Rothman, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

(Plea Agreement at 6.) Petitioner's counsel signed the Plea Agreement witnessing petitioner's signature. (Id.)

Petitioner pled guilty to count one of the information filed at criminal number 08-297 and count one of the indictment filed at criminal number 08-229. (Hr'g Tr. at 38.) Petitioner and his counsel signed the plea forms. (Id. at 38-39.)

### III. Petitioner's § 2255 motion

On September 14, 2010, petitioner filed the instant motion. Petitioner listed three grounds for his claim that he is being held in violation of the Constitution, laws or treaties of the United States: (1) he has standing to challenge § 922(n) based upon the rule of lenity; (2) he was denied due process because applicable rules of evidence were not adopted in his case; and (3) he did not receive effective assistance of counsel because his counsel failed to fully present facts and legal arguments to the court, and failed to advise petitioner about the elements of § 922(n). (Pet'r's Mot. at 5.) On September 20, 2010, petitioner filed an addendum to his motion arguing that, under the plain error rule, he is "actual[ly] innocen[t]" because in order to violate § 922(n) the person must be under indictment. (Pet'r's Addendum (ECF No. 30) at 2-3.) Petitioner argues that he was charged in a state criminal complaint, which is not an indictment for purposes of § 922(n).

6

On January 5, 2011, the government filed its response to petitioner's motion (ECF No. 38), requesting that this court deny the motion because, *inter alia*, petitioner waived his right to attack collaterally his sentence. On January 26, 2011, petitioner filed a reply (ECF No. 39) arguing that petitioner's alleged waiver of his rights under § 2255 by execution of the Plea Agreement was invalid because he assumed the government had credible evidence that he was *indicted* for the DUI charges instead of having been charged in a state criminal complaint. (Pet'r's Reply at 4.)

### *Standard of Review*

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the filed and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make finding of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). An evidentiary hearing is not required, however, if the court determines that the motion, files and records of the case conclusively support that the motion should be denied as a matter of law. Id.

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

7

28 U.S.C. § 2255(a). In <u>Hill v. United States</u>, 368 U.S. 424 (1962), the Supreme Court of the United States read the statute as stating four grounds upon which relief can be claimed:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

<u>Id.</u> at 426-27 (quoting 28 U.S.C. § 2255(a)).

The statue provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

*Analysis*

Petitioner argues that his sentence should be vacated under 28 U.S.C. § 2255 on four grounds: (1) he has standing to challenge § 922(n) based upon the rule of lenity; (2) he was denied due process because applicable rules of evidence were not adopted in his case; (3) he did not receive effective assistance of counsel because his counsel failed to fully present facts and legal arguments to the court, and failed to advise petitioner about the elements of § 922(n); and (4) he is "actual[ly] innocen[t]" under § 922(n) because he was charged in a state criminal complaint and was not under indictment.

Petitioner attacks his alleged waiver of collateral rights, arguing the waiver was invalid because it was premised on his belief that the government had evidence of an indictment by grand jury for the DUI charges. Since the charges were brought only as a state criminal

complaint, petitioner contends § 922(n)'s "indictment" element was not satisfied and his conviction and sentence should be vacated.[2]

The government argues that, *inter alia*, petitioner's motion should be dismissed because petitioner waived his right to file a collateral challenge in the Plea Agreement and the waiver should be enforced. The government emphasizes that petitioner knowingly and voluntarily entered his guilty plea on the record, in open court, following an extensive colloquy with the court and a recitation of the underlying facts of the charges, the elements of the crimes, and the terms of the Plea Agreement.

## I. The knowing and voluntary nature of petitioner's waiver of his right to attack collaterally his sentence

Criminal defendants may waive their right to file a motion to vacate, set aside, or correct a sentence under § 2255. The waiver, however, will be enforced only if it is knowing and voluntary, United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008), and waivers of appeals should be strictly construed. United States v. Khattak, 273 F.3d 537, 563 (3d Cir. 2001). If the waiver is enforceable, the court refrains from exercising subject-matter jurisdiction to consider the merits of the motion, unless the result would work a miscarriage of justice. Mabry, 536 F.3d at 237 n.4; Khattak, 273 F.3d at 563. While a petitioner "bears the burden of presenting an argument that would render his waiver unknowing or involuntary," a district court has an affirmative duty to examine the knowing and voluntary nature of the waiver. Mabry, 536 F.3d at 237.

---

[2] Petitioner ignores the practical implications of his argument. Petitioner was sentenced to a term of imprisonment of 46 months to run concurrently at two separate counts. Even assuming petitioner could sidestep his waiver on "indictment" grounds under § 922(n), petitioner provides no argument with respect to how the waiver is inapplicable to the count at 08-229. Notably, the two counts were grouped for purposes of determining petitioner's guidelines range. (See Presentence Investigation Report ("PIR") at 6.) The drug offense at 08-229 produced the highest offense level, and the court used that offense level to calculate petitioner's guideline range of 57 to 71 months imprisonment. (See Tentative Findings (ECF No. 42) at 4.)

9

With respect to a waiver of the right to appeal and to attack collaterally a sentence, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that a court address the defendant during the plea hearing and inform the defendant that he is waiving the right to appeal and to attack collaterally the sentence and to determine that the defendant understands the waiver. FED. R. CRIM. P. 11(b)(1)(N).

In Mabry, the Court of Appeals for the Third Circuit conducted an independent review of the record to determine whether the defendant's waiver of collateral challenge rights in his plea agreement was knowing and voluntary. The panel affirmed the district court's holding that the waiver was knowing and voluntary. The court reached its conclusion by examining the facts surrounding the plea hearing; specifically, the plea agreement language regarding the waiver and the colloquy between the district court and the defendant discussing the details of the waiver. Id. at 238-39. In the written plea agreement language, the defendant waived his "'right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.'" Id. at 233. The court determined the waiver was very broad in scope, counsel explained the waiver, and the defendant signed the plea agreement, acknowledging he understood the terms of the agreement. Id. at 238.

With respect to the colloquy, the government's counsel "read relevant parts of the plea agreement, including the entire waiver provision, to the defendant." Id. at 233. The sentencing court asked the defendant "if he understood the plea agreement and received an affirmative answer." Id. The sentencing court ensured that no threats or promises had been made to the defendant to induce him to enter into the agreement or to plead guilty. Id. The court, the government's counsel, and the defendant's counsel advised the defendant at length about the

waiver of the right to attack collaterally the sentence and the defendant repeatedly affirmed he understood the waiver of his right. Id. at 233-34. The court of appeals concluded, after examining the colloquy, that the district court properly complied with the requirements of Rule 11(b)(1)(N). Id. at 238-39. Based upon the evidence of record, the court of appeals concluded that the waiver was knowing and voluntary.

As a threshold matter, petitioner here alleges that the waiver is invalid because he was led to believe the government had evidence to satisfy one of the elements of the offense under § 922(n); namely, that he was under indictment for the state DUI charges at the time he received or transported firearms in interstate commerce. His alleged mistaken belief is a nonissue because § 922(n) can be satisfied if the defendant is charged by a criminal complaint – an indictment by grand jury is not required. United States v. Brede, 477 F.3d 642, 643-44 (8th Cir. 2007) (holding § 922(n) does not distinguish between an indictment, information, or state criminal complaint because they are functionally equivalent); United States v. Gevedon, 214 F.3d 807, 813 (7th Cir. 2000) (applying § 922 only to individuals under indictment "would arbitrarily exclude charges by those states . . . that permit charging by information"); United States v. Shepardson, 196 F.3d 306, 310-11 (2d Cir. 1999) (same); United States v. Williams, 986 F. Supp. 1445, 1446 (D. Kan. 1997) (a complaint or information falls within the definition of "indictment" for purposes of § 922(n)). Indeed, Congress defined the term "indictment" in § 922(n) as "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14).

In Pennsylvania, a misdemeanor or felony criminal charge must be brought as a court case, PA. R. CRIM. P. 103, and proceedings in court cases must be instituted by filing a written

11

complaint, or an arrest without a warrant. PA. R. CRIM. P. 502.[3] Because petitioner's pending state charge was a misdemeanor one or a crime punishable by a term of imprisonment exceeding one year, a criminal complaint – similar to an information[4] – was the appropriate mode of instituting the proceedings in state court. Petitioner was thus properly charged with the crime of receiving a firearm while under indictment pursuant to § 922(n).

Petitioner argues that, even if § 922(n) contemplates criminal charges filed by an information or complaint, the statute is ambiguous and the rule of lenity is applicable to his case. The rule of lenity requires that, "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." United States v. Bass, 404 U.S. 336, 348 (1971) (the rule "embodies 'the instinctive distastes against men languishing in prison unless the lawmaker has clearly said they should'") (quoting H. FRIENDLY, BENCHMARKS 209 (University of Chicago Press 1967)). "The rule of lenity, however, is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure of the Act,'" Chapman v. United States, 500 U.S. 453, 463 (1991) (quoting Huddleston v. United States, 415 U.S. 814, 831 (1974)), and "the rule is not properly invoked simply because a statute requires consideration and interpretation to confirm its meaning." United States v. Doe, 564 F.3d 305, 315 (3d Cir. 2009).

The rule of lenity does not apply here because the language of § 922(n) does not create a grievous ambiguity when considered in the context of Congress' definition of the term "indictment" and the caselaw finding that term includes a state criminal complaint.[5] The court holds the statute is unambiguous and the rule of lenity is inapplicable to petitioner's case.

---

[3] The comment to Rule 502 explains that "[c]riminal proceedings in court cases are instituted by 1) the filing of a complaint, followed by the issuance of a summons or arrest warrant; or by 2) a warrantless arrest, followed by the filing of a complaint." PA. R. CRIM. P. 502 cmt.
[4] Black's Law Dictionary defines the term "information" as "[a] formal criminal charge made by a prosecutor without a grand-jury indictment." BLACK'S LAW DICTIONARY 795 (8th ed. 2004).
[5] The court was not able to find any caselaw that supported petitioner's argument.

Turning to the plea hearing and the Rule 11 colloquy, the court finds that the colloquy was more than adequate to elicit a knowing and voluntary waiver of petitioner's right to attack collaterally his conviction or sentence. The instant case is strikingly similar to Mabry, where the court of appeals ratified the sentencing court's extensive Rule 11 colloquy because it properly secured a valid waiver. During the hearing in this case, petitioner acknowledged that: (1) no one forced him in any way, or offered him, or promised him anything to induce him to enter a plea to either of the charges; (2) he never had any physical or mental illness that might affect his ability to understand his rights or affect the voluntary nature of his plea; (3) he was in no way dissatisfied with the service, advice, or representation provided by his attorney; and (4) neither he nor his attorney disputed the government's representation about the evidence regarding the charges.

During the plea hearing, petitioner affirmed that: (1) he had reviewed with his attorney the information related to the two counts to which he was pleading guilty; (2) he understood the charges against him as contained in the information and indictment; and (3) the government correctly stated the terms of the Plea Agreement as petitioner understood them. In response to the court's inquiry petitioner said he understood he was completely giving up his right to attack collaterally his sentence. Petitioner placed his signature below an acknowledgment on the Plea Agreement that he read the agreement and discussed it with his attorney and petitioner's attorney also signed the Plea Agreement.

Under those circumstances and after reviewing the record, the court concludes that petitioner failed to meet his burden of proving that the Rule 11 colloquy precluded him from understanding that he agreed to waive his right to file a § 2255 motion. See Khattak, 273 F.3d at 563 (holding the waiver was made knowingly and voluntarily when the sentencing judge clearly

13

complied with Rule 11 when it inquired as to the petitioner's understanding of his waiver and its effects, and the petitioner did not show why the court should not have enforced the waiver provision of the plea agreement). The waiver is therefore enforceable, as long as enforcement of the waiver does not amount to a miscarriage of justice.

## II. Miscarriage of justice

The court looks to the underlying facts to determine whether enforcing the waiver would give rise to a miscarriage of justice. Mabry, 536 F.3d at 243. Relevant factors to consider include:

> "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."

Id. at 242-43 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). Waivers are meant to "'preserve the finality of judgments and sentences imposed pursuant to valid pleas of guilty.'" Khattak, 273 F.3d at 561 (quoting United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992)). "Allowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens." Id.

In analyzing whether the facts of the case demonstrated that the defendant suffered a miscarriage of justice, the court of appeals in Mabry reasoned the waiver in the defendant's plea agreement "was broad and offered no express exceptions." Id. at 243. The court cited United States v. Wilson, 429 F.3d 455 (3d Cir. 2005), noting the defendant in Mabry did not allege, like the petitioner in Wilson, that his counsel was ineffective or coercive in negotiating the plea agreement that contained the waiver. Id. The court also distinguished the facts of Mabry from United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007), where enforcing a collateral attack

would have resulted in barring an appeal expressly reserved in the plea agreement. Id. While the court noted that the waiver seemed "particularly one-sided and unusually broad," the government agreed to not pursue a mandatory consecutive term of imprisonment of five years in consideration for the provisions of the plea agreement. Id. at 243 n.16. Based upon the circumstances of the case, the court of appeals concluded that "[e]nforcing the waiver [wa]s in line with justice, not a miscarriage of it." Id. at 244.[6]

Petitioner here does not raise any issue that falls outside the ambit of his waiver of the right to challenge collaterally his conviction or sentence. The crux of petitioner's argument is that he did not receive effective assistance of counsel because his counsel did not "fully present facts & arguments to the Court, and legal advice to PEtitioner about underlying statutory standard requirement to qualify as a 18 U.S.C. § 922(n) offense." (Pet'r's Mot. at 3) (all grammatical errors in original). Notwithstanding its conclusory nature, petitioner's argument for ineffective assistance of counsel is rooted in his assertion that he is "actually innocent" of the charges under § 922(n) because he was not under indictment at the time he was charged with the federal counts – an assertion of which this court has already disposed. Sears, like the defendant in Mabry, seeks to raise issues on appeal that "are insubstantial and clearly encompassed by the broad waiver." Mabry, 536 F.3d at 243.

Petitioner was fully apprised by the court, his counsel, and counsel for the government regarding the parameters of his waiver. The court directly addressed petitioner on multiple occasions and confirmed that he understood the rights he was forgoing for the benefits of the

---

[6] The court noted in Mabry that the defendant "d[id] not contend that he was misled or that enforcing the waiver is somehow unjust." Mabry, 536 F.3d at 243. While petitioner here argues that he was misled to believe that the government had evidence of an indictment of the state charges to satisfy § 922(n), the court already discussed *supra* that the government was not required to prove petitioner was indicted by a grand jury. Notably, the government's counsel stated on the record at the plea hearing that the term "indictment," for purposes of § 922(n), includes "state court charges," and petitioner acknowledged that he heard the elements of the offense, understood those elements, and understood the charge. Petitioner's argument is therefore without merit.

15

Plea Agreement. Petitioner benefited from the Plea Agreement and the waiver because the government agreed to a favorable drug quantity stipulation and a three-level reduction to petitioner's guidelines offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

In the instant case, enforcing petitioner's waiver of his right to file a § 2255 motion does not work a miscarriage of justice. In summary, petitioner knowingly and voluntarily entered into the Plea Agreement. Petitioner was not coerced into entering the agreement. Petitioner's receipt of a favorable drug quantity stipulation and a three-level reduction to his guidelines offense level constituted valuable consideration for the waiver.

The court concludes enforcement of the waiver of a right to file a § 2255 motion does not constitute a miscarriage of justice in this case. Because petitioner's waiver is enforceable, the court refrains from exercising subject-matter jurisdiction.

## III. Denial of hearing

A district court need not hold an evidentiary hearing to determine the merits of a § 2255 motion to vacate, set aside or correct a sentence if the record conclusively establishes that the movant is not entitled to the relief sought in the motion. See United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988). Under the circumstances here, no hearing is necessary because, in light of the enforceability of the waiver to file a § 2255 motion, there is no reason to conduct an evidentiary hearing to consider petitioner's claim that his sentence should be vacated by reason of ineffective assistance of counsel.

## IV. Certificate of appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination as to whether a certificate of appealability ("COA") should issue or the

clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Based upon the motion, files and records of the instant case, and for the reasons set forth above, the court finds that petitioner has not shown a denial of a constitutional right. Therefore, a COA shall not issue.

## **ORDER**

AND NOW, this 2nd day of May, 2011, upon consideration of petitioner's motion (ECF No. 29), the plea agreement, the transcript of the plea hearing, and the parties' submissions, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 is DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge