# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICCO SEARS, ) | |
|     Petitioner, ) | |
| ) | Civ. No. 14-1267 |
| v. ) | Crim. No. 08-229 |
| ) | Crim. No. 08-297 |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

## OPINION

CONTI, Chief District Judge

**I.  INTRODUCTION**

Petitioner Ricco Sears ("petitioner")—a prisoner in federal custody—filed this *pro se* motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255"). (ECF No. 68;[1] Crim. No. 08-229, ECF No. 94.) Having been fully briefed, petitioner's § 2255 motion is ripe for disposition. Because petitioner fails to demonstrate a miscarriage of justice or prejudice in this case, the court will deny petitioner's § 2255 motion without prejudice.

**II.  BACKGROUND AND PROCEDURAL HISTORY**

    **A.  The 08-229 and 08-297 cases**

On June 11, 2008, a federal grand jury returned an indictment at criminal number 08-229 (the "08-229 case") charging petitioner with possession with intent

---

[1] Unless a different case number is specified, all ECF citations correspond to docket in criminal number 08-297.

1

to distribute less than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). (Crim. No. 08-229, ECF No. 1.) On August 11, 2008, the government filed an information at criminal number 08-297 (the "08-297 case") charging petitioner with receipt of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n). (ECF No. 1.) The undersigned district judge presided over all relevant phases of the 08-229 and 08-297 cases.

On August 15, 2008, petitioner:

- withdrew his plea of not guilty, waived his right to trial by jury, and pleaded guilty to the charge in the indictment in the 08-229 case (Crim. No. 08-229, ECF No. 37); and

- waived his right to a grand-jury indictment and pleaded guilty to the charge in the information in the 08-297 case. (ECF Nos. 4–6.)

On November 25, 2008, the undersigned district judge sentenced petitioner to concurrent sentences of forty-six months of imprisonment and three years of supervised release at each of the charges in the 08-229 and 08-297 cases. (Crim. No. 08-229, ECF Nos. 43, 44; ECF Nos. 12, 13.) As a condition of his supervised release in the 08-229 and 08-297 cases, petitioner was prohibited from committing another federal, state, or local crime. (Crim. No. 08-229, ECF No. 44 at 3; ECF No. 13 at 3.)

### B. The 12-200 and 12-309 cases and petitioner's supervised release violations in the 08-229 and 08-297 cases

On July 24, 2012—after petitioner was released from the custody of the Bureau of Prisons ("BOP") and during petitioner's three-year supervised release terms in the 08-229 and 08-297 cases—a federal grand jury returned an indictment at criminal number 12-200 (the "12-200 case") charging petitioner with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. (Crim. No. 12-200, ECF No. 1.) On December 18, 2012—also during petitioner's supervised release term in the 08-229 and 08-297 cases—a federal grand jury returned an indictment at criminal number 12-309 (the "12-309 case") charging petitioner with possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Crim. No. 12-309, ECF No. 1.) Another district judge of this court presided over all relevant phases of the 12-200 and 12-309 cases.

On January 10, 2013, the probation office petitioned the undersigned district judge to revoke petitioner's three-year term of supervised release in the 08-229 and 08-297 cases because the conduct charged in the 12-200 and 12-309 cases violated the condition of petitioner's supervised release that he not commit another federal crime. (Crim. No. 08-229, ECF No. 79; ECF No. 60.)

On October 17, 2013, the district judge presiding over the 12-200 and 12-309 cases held a hearing at which petitioner withdrew his pleas of not guilty, waived his right to trial by jury, and pleaded guilty to the charges in the indictments in the 12-200 and 12-309 cases. (Crim. No. 12-200, ECF Nos. 283, 284; Crim. No. 12-309, ECF Nos. 32, 33.) Petitioner pleaded guilty to the charges in the 12-200 and 12-309 cases pursuant to a written plea agreement. Under the plea agreement, the parties stipulated to concurrent sentences of sixty months of imprisonment and six years of supervised release at each charge in the 12-200 and 12-309 cases, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[2]

On February 11, 2014, the undersigned district judge held a supervised release revocation hearing in the 08-229 and 08-297 cases based upon petitioner's guilty pleas in the 12-200 and 12-309 cases. (Crim. No. 08-229, Text Minute Entry, 2/11/2014; Crim. No. 08-297, Text Minute Entry, 2/11/2014.) At the hearing, the undersigned district judge revoked petitioner's supervised release and sentenced petitioner to concurrent sentences of eighteen months of imprisonment at each supervised release violation in the 08-229 and 08-297 cases (the

---

[2] With a total offense level of twenty-one and petitioner's criminal history category of V, the United States Sentencing Guidelines called for a term of imprisonment for the convictions in the 12-200 and 12-309 cases of seventy to eighty-seven months and a term of supervised release of six years. *See* U.S.S.G. Sentencing Table, § 5D1.2(c).

"Supervised Release Sentences"),[3] to be served consecutively to any sentence of imprisonment yet-to-be imposed by the district judge presiding over the 12-200 and 12-309 cases. (Crim. No. 08-229, ECF No. 93; ECF No. 66.)

On February 19, 2014—eight days after the undersigned district judge imposed the Supervised Release Sentences—the district judge presiding over the 12-200 and 12-309 cases sentenced petitioner to concurrent sentences of sixty months of imprisonment and six years of supervised release at each of the charges in the 12-200 and 12-309 cases (the "Substantive Sentences"), to be served consecutively to the Supervised Release Sentences. (Crim. No. 12-200, ECF No. 371; Crim. No. 12-309, ECF No. 44.)

On September 16, 2014, the clerk of courts received and filed petitioner's timely[4] *pro se* § 2255 motion. (ECF No. 68.) On November 30, 2014, the government filed a response to petitioner's § 2255 motion. (ECF No. 69.) On December 23, 2014, petitioner filed a reply to the government's response to petitioner's § 2255 motion. (ECF No. 74.) On February 9, 2015, the court held a hearing at which the parties argued petitioner's § 2255 motion. (Crim. No. 08-297, Text Minute Entry, 2/9/2015.) At the hearing, the court granted petitioner leave to

---

[3] The sentencing guidelines recommended consecutive terms of imprisonment of eighteen to twenty-four months at each supervised release violation in the 08-229 and 08-297 cases. U.S.S.G. § 7B1.4.

[4] *See* 28 U.S.C. § 2255(f)(1).

file a supplement to his § 2255 motion. (*Id.*) On May 13, 2015, petitioner filed a supplemental § 2255 motion. (ECF No. 85.) On August 3, 2015, the government filed a response to petitioner's supplemental § 2255 motion. (ECF No. 89.) On August 18, 2015, petitioner filed a reply to the government's response to petitioner's supplemental § 2255 motion. (ECF No. 90.)

## III. STANDARD OF REVIEW

A prisoner in federal custody may move the sentencing court to vacate, set aside, or correct a sentence on grounds that it was

> imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962). As a remedy, the court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him [or her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and . . . 'present[s] exceptional circumstances where the need for the

remedy afforded by the writ . . . is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

The court construes petitioner's *pro se* § 2255 motion liberally, but petitioner "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

IV. **DISCUSSION**

In his § 2255 motion, petitioner argues:

(A) the court exceeded its authority under 18 U.S.C. § 3584(a) by imposing the Supervised Release Sentences to be served consecutively to the anticipated, but not-yet imposed, Substantive Sentences; and

(B) petitioner's counsel was ineffective for failing to object to the Supervised Release Sentences.

The court addresses each of petitioner's arguments in turn.[5]

---

[5] At petitioner's February 11, 2014 supervised release revocation hearing in the 08-229 and 08-297 cases, petitioner and his then-counsel requested a sentence of time served because petitioner was incarcerated for eighteen months leading up to his revocation hearing. (ECF No. 76 at 29–31.) The court responded that petitioner would receive credit for the time he served under the BOP's sentencing-calculation procedures, the court would recommend to the BOP that petitioner receive credit for time served, and the BOP would decide how to allocate credit for time served. (*Id.*)

At the February 9, 2015 hearing on petitioner's § 2255 motion, petitioner argued he suffered prejudice because his then-counsel failed to argue for—and the court erred in not ordering—a sentence of time served. The court noted that petitioner failed to raise this argument in his initial § 2255 motion. The court granted petitioner the opportunity to brief the matter further in a supplement to his § 2255 motion.

7

### A. Whether the court exceeded its authority under 18 U.S.C. § 3584(a)

Petitioner argues the court exceeded its authority under § 3584(a) by imposing the Supervised Release Sentences to be served consecutively to the anticipated, but not-yet imposed, Substantive Sentences.

The statute governing the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584(a). In relevant part, that statute provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

*Id*.

In *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012), the United States Supreme Court held that § 3584(a) provides district courts discretion to order that a federal sentence run consecutively to an anticipated, but not-yet imposed, *state* sentence. In *dicta*, the Court implied that § 3584(a) does not allow a federal

---

In his supplemental § 2255 motion, petitioner does not argue that the court erred in determining that the BOP—as opposed to the court—had power to decide whether and how to allocate credit for the time petitioner served in this case. The court, therefore, deems this argument abandoned. *See Bultmeyer v. United States*, No. 13-2771, 2015 WL 852092, at *9–10 (D.N.J. Feb. 26, 2015).

8

sentence to run consecutively to an anticipated, but not-yet imposed, *federal* sentence:

> [T]he text of § 3584(a) does not distinguish between state and federal sentences. If a district court can enter a consecutive sentencing order in advance of an anticipated state sentence, . . . what is to stop it from issuing such an order in advance of an anticipated federal sentence? It could be argued that § 3584(a) impliedly prohibits . . . an order [that a federal sentence run consecutively to an anticipated, but not-yet imposed, federal sentence] because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed—and does not speak (of course) to what a *state* court must do when a sentence has already been imposed. It suffices to say, however, that this question is not before us.

*Id.* at 1471 n.4 (emphasis in original).

The United States Courts of Appeal for the Fourth, Ninth, and Fifth Circuits have held that § 3584(a) prohibits an order that a federal sentence run consecutively to an anticipated, but not-yet imposed, federal sentence. *United States v. Obey*, 790 F.3d 545, 548–50 (4th Cir. 2015) (reaffirming the holding of *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006), after *Setser*); *United States v. Montes-Ruiz*, 745 F.3d 1286, 1290–93 (9th Cir. 2014); *United States v. Quintana-Gomez*, 521 F.3d 495, 497–98 (5th Cir. 2008) (deciding the issue before *Setser*). In *Montes-Ruiz*, the Ninth Circuit Court of Appeals observed that

> permitting one federal court "to impose a sentence consecutive to an anticipated federal sentence would present the second district court judge with the Hobson's choice of either ignoring his [or her] own judgment that a concurrent sentence was appropriate or disobeying the order of another district court." [*Quintana-Gomez*, 521 F.3d at 498] (citation, alteration, and internal quotation marks omitted). . . .

9

> Congress could not have intended such a consequence, and . . . a contrary reading would violate the general principle that "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence. . . ." *Id.*
>
> . . .
>
> We are persuaded by the language of [§ 3584(a)], the rationale of our prior decisions, the decisions from our sister circuits, and [*dicta*] from the . . . Court [in *Setser*] that § 3584 does not permit a federal sentencing court to impose a sentence to run consecutively to another federal sentence that has yet to be imposed.

*Montes-Ruiz*, 745 F.3d at 1292–93. No other federal appellate court—including the United States Court of Appeals for the Third Circuit—has addressed this issue.

In this case, the court agrees with the reasoning of *Montes-Ruiz* and concludes that the imposition of the consecutive running of the Supervised Release Sentences to the yet-to-be imposed Substantive Sentences violated § 3584(a). *See Montes-Ruiz*, 745 F.3d at 1292–93 ("'[O]ne district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence.'" (quoting *Quintana-Gomez*, 521 F.3d at 498)).

This conclusion, however, is not dispositive of petitioner's § 2255 motion. Even if the court exceeded its authority under § 3584(a) in imposing the consecutive running of the Supervised Release Sentences to the not-yet imposed Substantive Sentences, petitioner fails to show that this "'error of law was a fundamental defect" that "inherently result[ed] in a complete miscarriage of

justice'" against him, as required under § 2255. *Travillion*, 759 F.3d at 288 (quoting *Davis*, 417 U.S. at 346). The other district judge imposed the Substantive Sentences *to be served consecutively to* the Supervised Release Sentences imposed previously by the undersigned district judge. *See* (Crim. No. 12-200, ECF No. 371 at 2.) Therefore, even if this court vacated the Supervised Release Sentences, the Substantive Sentences—which independently run consecutively to the Supervised Release Sentences—would still apply to petitioner. Under those circumstances, the court cannot conclude that the imposition of the consecutive running of the Supervised Release Sentences to the not-yet imposed Substantive Sentences resulted in a "'complete miscarriage of justice'" against petitioner in this case. *Travillion*, 759 F.3d at 288 (quoting *Davis*, 417 U.S. at 346).

Petitioner argues that: (1) the Supervised Release Sentences unduly influenced the other district judge's decision to impose the Substantive Sentences to be served consecutively to the Supervised Release Sentences; (2) the evidence supporting the charges against him in the 12-200 and 12-309 cases was insufficient; and (3) petitioner pleaded guilty to the charges in the 12-200 and 12-309 cases "out of fear and force." (ECF No. 85 at 3–5.) These arguments are inapposite with respect to this § 2255 motion.[6] Section 2255 does not grant the

---

[6] Relevant to the Supervised Release Sentences, petitioner admitted that his guilty pleas in the 12-200 and 12-309 cases violated the conditions of his supervised release in the 08-229 and 08-297 cases. (ECF No. 76 at 4:1–13.)

undersigned district judge authority to vacate or alter the Substantive Sentences imposed by the other district judge in the 12-200 and 12-309 cases; petitioner may only "move the court *which imposed* [*those*] *sentence*[*s*] to vacate, set aside[,] or correct" them. 28 U.S.C. § 2255(a) (emphasis added).

Because petitioner is subject to the Substantive Sentences—which independently run consecutively to the Supervised Release Sentences—petitioner fails to show that this court's error under § 3584(a) resulted in a miscarriage of justice against him in this case, as required for relief under § 2255.

### B. Whether counsel's representation of petitioner was ineffective

Petitioner argues his former counsel was ineffective for his failure to object to the consecutive running of the Supervised Release Sentences imposed in this case, in violation of petitioner's Sixth Amendment right to counsel. Petitioner argues his counsel's failure to object prejudiced him and deprived him of the opportunity to argue that the Supervised Release Sentences should run concurrently with—not consecutively to—the Substantive Sentences. (ECF No. 85 at 11.)

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show that

> counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. Under *Strickland*'s deficiency requirement, petitioner "'must show that counsel's representation fell below an objective standard of reasonableness[,]' meaning 'reasonableness under prevailing professional norms.'" *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 688). Under *Strickland*'s prejudice requirement, petitioner must show there is a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "totally speculative" harm, *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999), or the "'mere possibility' of receiving a concurrent sentence" does not demonstrate prejudice. *United States v. Hopkins*, 568 F. App'x 143, 148 (3d Cir. 2014) (quoting *Prewitt v. United States*, 83 F.3d 812, 818–19 (7th Cir. 1996)).

In this case, the court need not determine whether counsel's representation of petitioner was deficient under *Strickland* because petitioner fails to show he suffered prejudice from his counsel's failure to object to the consecutive running of the Supervised Release Sentences to the not-yet imposed Substantive Sentences. As a result, petitioner fails to demonstrate that his counsel's representation was ineffective under *Strickland* and the Sixth Amendment. *See Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) ("'[The] court need not determine whether

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'" (quoting *Strickland*, 466 U.S. at 697)).

As explained previously, the other district judge imposed the Substantive Sentences *to be served consecutively to* the Supervised Release Sentences imposed previously by the undersigned district judge. *See* (Crim. No. 12-200, ECF No. 371 at 2.) Therefore, even if counsel's representation of petitioner was deficient under *Strickland* during the supervised release revocation proceedings, the Substantive Sentences—which independently run consecutively to the Supervised Release Sentences—still apply to petitioner. These circumstances negate petitioner's claim that he suffered prejudice in the form of consecutive sentences from the Supervised Release Sentences imposed in this case.

Petitioner argues the district judge presiding over the 12-200 and 12-309 cases likely would have imposed the Substantive Sentences to be served concurrently with the Supervised Release Sentences if his then-counsel would have objected to the consecutive running of the Supervised Release Sentences during the revocation proceedings. *See, e.g.*, (ECF No. 85 at 9–10.) This argument is too speculative to show a "*reasonable probability* that*,* but for [his] counsel's unprofessional errors, the result of the proceeding[s] *would have been* different." *Strickland*, 466 U.S. at 694 (emphasis added). In imposing the Substantive

14

Sentences to be served consecutively to the Supervised Release Sentences, the other district judge took into account the relevant statutory minimum and maximum penalties, the sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* (ECF No. 89-1.) The undersigned district judge declines to speculate whether the other district judge would or would not have been persuaded to impose concurrent sentences by the objection of petitioner's then-counsel to consecutive sentences in this case. In any event, § 2255 does not grant the undersigned district judge authority to vacate or alter the Substantive Sentences imposed by the other district judge in the 12-200 and 12-309 cases. *See* 28 U.S.C. § 2255(a). For these reasons, petitioner fails to show he suffered prejudice from his counsel's failure to object to the consecutive running of the Supervised Release Sentences to the not-yet imposed Substantive Sentences, as required to demonstrate ineffective assistance of counsel under *Strickland*.

V. <u>CONCLUSION</u>

Because petitioner's arguments under § 3584(a) and *Strickland* are insufficient for relief from the Supervised Release Sentences, and because petitioner does not present any other grounds for relief, the court will deny petitioner's § 2255 motion.

The court notes that petitioner filed a § 2255 motion in the 12-200 and 12-309 cases raising the same challenges under § 3584(a) and *Strickland* that he raises

15

in this § 2255 motion. (Crim. No. 12-200, ECF No. 438; Crim. No. 12-309, ECF No. 56.) In both the 12-200 and 12-309 cases, petitioner's § 2255 motion was denied without prejudice to its refiling after the disposition of this § 2255 motion. (Crim. No. 12-200, ECF No. 479; Crim. No. 12-309, ECF No. 59.) In light of those dismissals, dismissal of petitioner's § 2255 motion in this case will be without prejudice to petitioner refiling his § 2255 motion in the 12-200 and 12-209 cases to raise the argument presented here. Petitioner may bring this court's error to the attention of the other district judge. This court recognizes it lacked authority to run the Supervised Release Sentences consecutively to the Substantive Sentences, but that error did not result in a miscarriage of justice or prejudice to petitioner because the other district judge imposed the Substantive Sentences to be served consecutively to the Supervised Release Sentences.

An appropriate order follows.

**DATED**:    February 26, 2016

                                                            /s/ JOY FLOWERS CONTI
                                                            Joy Flowers Conti
                                                            Chief United States District Judge

**CC**:
Ricco Sears (#09877-068)
FCI Beckley
P.O. Box 350
Beaver, WV 25813